FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 31  PM 12: 23

CLERK _____
SO. DIST. OF GA.

CV 407-017

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| HERSCHEL WALKER, RENAISSANCE MAN FOOD SERVICES, LLC and H. WALKER ENTERPRISES, LLC, | : : : : : : | **CIV. ACTION NO.:** _____ |
| Plaintiffs, | : : |  |
| v. | : : |  |
| HERSCHEL WALKER'S SMOKEHOUSE & PIZZERIA and JOHN WALKER, | : : : |  |
| Defendants. |  |  |

### <u>VERIFIED COMPLAINT</u>

Plaintiffs Herschel Walker, Renaissance Man Food Services, LLC ("Renaissance"), and H. Walker Enterprises, LLC   ("H. Walker Enterprises") (collectively "Plaintiffs") hereby file this Verified Complaint for trademark and trade name infringement, trademark dilution and invasion of privacy and related claims against Defendants Herschel Walker's Smokehouse & Pizzeria and John Walker (collectively "Defendants"), on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of Defendants:

## THE PARTIES

1.      Herschel Walker is an individual resident of the State of Texas.

2.      Renaissance is a limited liability company, organized and existing under the laws of the State of Delaware qualified to transact business in the State of Georgia.  Renaissance has its principal place of business in Savannah, Georgia. Herschel Walker is the manager/chief executive officer of Renaissance.

3.      H. Walker Enterprises is a limited liability company, organized and existing under the laws of the State of Delaware qualified to transact business in the State of Georgia.  H. Walker Enterprises has its principal place of business in Savannah, Georgia.   Herschel Walker is the managing member of H. Walker Enterprises.

4.      Upon   information   and   belief,   Defendant   Herschel   Walker's Smokehouse & Pizzeria is a business having an address and/or conducting and transacting business at 7 E Gateway Boulevard, Savannah, GA 31419.

5.      Upon information and belief, Defendant John Walker, an individual resident of the State of Georgia, is the owner of Defendant Herschel Walker's Smokehouse & Pizzeria.

## JURISDICTION AND VENUE

6.     This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark and trade name infringement, invasion of privacy, unfair competition, dilution, misappropriation and conversion and unjust enrichment under the laws of the State of Georgia.

7.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for trademark and trade name infringement, invasion of privacy, unfair competition, dilution, misappropriation and conversion and unjust enrichment under the laws of the State of Georgia.

8.     This Court has personal jurisdiction over Defendants in that Defendants are resident, domiciled and/or doing business in the State of Georgia.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendants are domiciled in this District and Defendants are

transacting business within this District.  Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

## HERSCHEL WALKER

10.    Herschel Walker is considered by many to be one of the greatest running backs to ever play collegiate and professional football.  Herschel Walker's acclaimed career spanned his play for the University of Georgia (1980-1982), the United States Football League ("USFL") (1983-1985) and the National Football League ("NFL") (1986-1997).  As a college player, Herschel Walker won the 1982 Heisman Trophy and led the University of Georgia to the 1980 NCAA National Championship.

11.    With the formation of USFL, Herschel Walker saw an opportunity to do something then forbidden by NFL rules, namely, to turn professional after the end of his junior season rather than waiting for his collegiate class to graduate (four years after the-high school graduation of his peer group) and to make considerable money from product endorsements by using his unique and singular athletic abilities and personality and landed a major advertising role, in a joint promotion by McDonald's and athletic-shoe manufacturer Adidas.

12.    While with the USFL, Herschel Walker received lucrative contracts and endorsements because the USFL and its owners knew Herschel Walker's name-value was crucial to the USFL and its success.

13.    Herschel Walker's NFL career was also impressive where he played for the Dallas Cowboys, the Minnesota Vikings, the Philadelphia Eagles and the New York Giants.

14.    During and after his professional football career, Herschel Walker's name and products associated with his name were extremely popular and commercially successful with fans and consumers, particularly those in his native Georgia.    For example, during and after Herschel Walker's career, Herschel Walker's famous number "34" football jersey was purchased by thousands of fans.

## HERSCHEL WALKER TRADEMARKS

15.    After his retirement from professional football, Herschel Walker created several entities, including Renaissance, to commercialize and sell signature products and to manage intellectual property associated with Herschel Walker's name and right of publicity. Currently, Renaissance and other entities develop, advertise, market, distribute, license, and sell, among other things, prepackaged, prepared seafood, meats, beef, pork and poultry for human consumption, sausages,

5

frozen meatballs, frozen entrees, sauces, frozen prepared meats, frozen appetizers and other processed meats and products (the "Herschel Walker Products") to commercial and non commercial segments of the food service industry, including sports bars, pizza and sub shops and convenience stores.

16.    "Herschel Walker Products" have become known throughout the country for their high-quality meats and meal preparation.  Genuine Herschel Walker Products are easily identified by their instantly-recognizable trademarks.

17.    H. Walker Enterprises owns U.S. trademark registrations for its famous marks and designs (the "Herschel Walker Marks") and licenses the Herschel Walker Marks to Renaissance.  H. Walker Enterprises and Renaissance and its predecessors have used the trademark and trade name HERSCHEL'S FAMOUS 34 in commerce to designate, among other things, its meats and meal products since at least as early as 2001.  This mark was first registered with the United States Patent and Trademark Office on October 15, 2002 (Trademark Reg. No. 2634956).  A true and correct copy of H. Walker Enterprises' trademark registrations are attached hereto as Exhibit A.  These trademark registrations have not been abandoned, canceled or revoked.

18.     Renaissance has used and is currently using the Herschel Walker Marks in commerce on or in connection with its sale of the Herschel Walker Products, and plans to continue such use in the future.

19.     Plaintiffs have carefully built the reputation of its Herschel Walker Products by, among other things, adhering to strict development and quality control standards.  As such, genuine Herschel Walker Products are manufactured pursuant to specific, stringent guidelines.

20.     Plaintiffs have made substantial financial investments in the marketing, promotion, and advertising of Herschel Walker Products in connection with the Herschel Walker Marks and protection of its valuable intellectual property rights.

21.     As a result of their high-quality, Herschel Walker Products have achieved an outstanding reputation among consumers.  The Herschel Walker Marks have become well and favorably known in the industry and have come to symbolize the goodwill built up in Herschel Walker Products.

22.     Renaissance's marketing efforts, combined with its attention to quality, design and construction, have resulted in millions of dollars of sales of Herschel Walker Products.

## DEFENDANTS' CONDUCT

23.    Upon information and belief, Defendants operate a restaurant bearing the name "Herschel Walker's Smokehouse & Pizzeria."  Defendants sell, among other things, prepared meats, including beef, pork, poultry and sausages for human consumption similar to the Herschel Walker Products for dine-in or for take-out.

24.    Defendants, without authorization or license from Plaintiffs, have knowingly and willfully used and continue to use the name of Herschel Walker in connection with Defendants' advertisement, offer for sale and sale of their goods and services, namely meats and meals.

25.    Upon information and belief, Defendants have received questions from customers who were confused about whether Defendants were associated with Plaintiffs.

26.    On December 15, 2006, Plaintiffs demanded that Defendants cease and desist from using the name Herschel Walker in the name of its restaurant.  A copy of the letter sent to Defendants is attached hereto as Exhibit B.

27.    Despite Plaintiff's request, Defendants have refused to stop using Herschel Walker's name in connection with their restaurant.

28.    Defendants' use of the Herschel Walker name in connection with the advertising, marketing, distribution, offering for sale and sale their goods and services is likely to cause confusion, or to cause mistake or to deceive.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

29.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

30.    The Herschel Walker Marks in the United States are of great and incalculable value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiffs.

31.    Upon information and belief, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the Herschel Walker Marks, and aware of the fact that Defendants' "Herschel Walker Smokehouse & Pizzeria" is confusingly similar to the Herschel Walker Marks, Defendants sell, among other things, prepared meats, including beef, pork, poultry and sausages for human consumption similar to the Herschel Walker Products for

dine-in or for take-out to the consuming public in direct competition with Plaintiffs' sale of genuine Herschel Walker Products, in or affecting interstate commerce.

32.    Defendants' use of the name Herschel Walker is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' restaurant and products, and is likely to deceive the public into believing that Defendants' restaurant and products originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

33.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO

## FEDERAL COMMON LAW TRADEMARK INFRINGEMENT AND FALSE ADVERTISING (15 U.S.C. § 1125 (A)(1)(A) AND (B) )

34.    Plaintiffs incorporate herein and reallege the allegations above as if fully set forth herein.

10

35.    The marketing and sale by Defendants of "Herschel Walker's Smokehouse & Pizzeria" is likely to mislead the trade and public into believing that Defendants' products and services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiffs.

36.    Defendants' use in commercial advertising or promotion, misrepresents the nature, characteristics, and/or qualities of their pr oducts and services.

37.    Defendants' activities constitute false designation of origin, false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).

38.    Defendants' actions have unjustly enriched Defendants to Plaintiffs' damage.

39.    Defendants' acts have caused irreparable injury to Plaintiffs' goodwill and Plaintiffs' have no adequate remedy at law.

40.    Plaintiffs are therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

11

41.   Defendants knew or should have known Defendants have no legal right to use Herschel Walker's name.  Defendants have engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately, so as to justify the assessment of exemplary damages and an award of attorneys' fees against Defendants.

## COUNT THREE

### FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125 (c))

42.   Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

43.   The Herschel Walker Marks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have been famous marks prior to Defendants' conduct as alleged herein.

44.   Defendants' sale and/or offer for sale in commerce of the goods and services in its restaurant dilutes the distinctive quality of the Herschel Walker Marks, and was done with the willful intent to trade on Herschel Walker's reputation and/or to cause dilution of the Herschel Walker Marks.

45.     Defendants' unauthorized use of the Herschel Walker Marks on or in connection with Defendants' good and services was done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Plaintiffs.

46.     Defendants' aforesaid acts are in knowing and willful violation of Plaintiffs' rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT FOUR

## INVASION OF PRIVACY THROUGH APPROPRIATION UNDER GEORGIA STATE LAW

48.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

49.     Defendants have knowingly misappropriated Herschel Walker's name for their own advantage.

50.     Defendants have violated Herschel Walker's right to privacy and right to publicity of his own name.

13

51.   Herschel Walker has no adequate remedy at law and, if Defendants' activities are not enjoined, Herschel Walker will continue to suffer irreparable harm and injury.

## COUNT FIVE

## UNFAIR COMPETITION UNDER GEORGIA STATE LAW

52.   Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

53.   Plaintiffs have built up valuable goodwill in the Herschel Walker Marks and trade name.

54.   With full knowledge of the fame of the Herschel Walker Products, Defendants intended to and did trade on the goodwill associated with the Herschel Walker Products and have misled and will continue to mislead the public into assuming a connection between Herschel Walker and Defendants.

55.   Defendants' unauthorized use of the Herschel Walker Marks and trade name on their goods and services is likely to and does permit Defendants to pass off their goods and services to the general public as that of Plaintiffs, all to the detriment of Plaintiffs and the unjust enrichment of Defendants.

56.    All of Defendants' acts permit and accomplish confusion, mislead and deceive the public as to the source of Defendants' goods, permit and accomplish palming off of Defendants' goods as those of Plaintiffs and falsely suggest a connection with Plaintiffs, and therefore constitute acts of unfair competition with Plaintiffs in violation of the laws of O.C.G.A. § 23-2-55.

57.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

## COUNT SIX

### GEORGIA TRADEMARK DILUTION
### (O.C.G.A. § 10-1-451(b))

58.    Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

59.    Defendants' acts have caused damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and diluting or blurring the distinctiveness of the Herschel Walker Marks in violation of O.C.G.A. § 10-4-451(b).

60.   Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

## COUNT SEVEN

## COMMON LAW UNFAIR COMPETITION

61.   Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

62.   Defendants have willfully and deliberately engaged in unfair competition with Plaintiffs in violation of the common law of Georgia by selling and/or offering for sale, and promoting their goods services, with the intention of trading upon the goodwill established by Plaintiffs and are thereby misappropriating the benefits of substantial effort and money expended by Plaintiffs in establishing its rights in the Herschel Walker Marks.

63.   Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

## COUNT EIGHT

## UNJUST ENRICHMENT

64.   Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

65.   Defendants' use of the name "Herschel Walker" in connection with the advertising, promotion and sale of their goods, from which Defendants have derived substantial profits, has unjustly enriched Defendants by enabling them to unfairly misappropriate the benefit of Plaintiffs' extensive use and promotion of the Herschel Walker Marks and the goodwill associated therewith.

66.   By reason of the foregoing, Defendants have been unjustly enriched in an unknown amount, continue to earn revenues and profits to which they are not legally entitled, and therefore Plaintiffs are entitled to just compensation under the common law of the State of Georgia.

67.   Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## COUNT NINE

## MISAPPROPRIATION AND CONVERSION

68.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

69.     Defendants', through the unauthorized use of the name Herschel Walker, have misappropriated the Herschel Walker Marks and their associated goodwill.  Defendants have converted to their own use and exploited the Herschel Walker Marks, thereby reaping for Defendants' benefit the benefits of Plaintiffs' trademark rights and goodwill.

70.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief as to each of the above causes of action:

1.     The Court enter judgment in Plaintiffs' favor and against the Defendants that:

(a)   Defendants committed federal trademark infringement in violation of 43(a) of the Lanham Act, 15 U.S.C. §1114(a);

(b)   Defendants committed federal common law trade dress infringement and false advertising in violation of 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

(c)   Defendants committed federal trademark dilution;

(d)   Defendants invaded Herschel Walker's privacy by misappropriating, without authority, his name in connection with its activities

(e)   Defendants engaged in unfair competition under the laws of the State of Georgia;

(f)   Defendants committed state trademark dilution in violation of O.C.G.A. § 10-4-451(b);

(g)   Defendants engaged in common law unfair competition;

(h)   Defendants has been unjustly enriched by unfairly misappropriating the benefit of Plaintiffs' Herschel Walker Marks and Herschel Walker's name; and

(i)   Defendants have committed misappropriation and conversion of the Herschel Walker name and Herschel Walker Marks.

2.    That Defendants, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be temporarily and preliminarily enjoined and restrained for the pendency of this action and, thereafter, permanently enjoined:

(a)    from using the Herschel Walker Marks in any manner in connection with the advertising, offering for sale, or sale of any product not Plaintiffs', or not authorized by Plaintiffs' to be sold in connection with the Herschel Walker Marks;

(b)    from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs which are not Plaintiffs' or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Herschel Walker Marks;

(c)    from committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(d)    from further diluting and infringing all of the Herschel Walker Marks and damaging Plaintiffs' goodwill;

(e)     from invading the right to privacy of Herschel Walker by misappropriating his name; and

(f)     from otherwise competing unfairly with Plaintiffs in any manner.

3.     The Court order Defendants to deliver to Plaintiffs  for destruction or other disposition within thirty (30) days of the entry of final judgment herein, any and all goods, advertising and promotional materials, and all other materials of any kind or nature (including, without limitation, computer data files, other electronic files, machinery, or equipment) relating to "Herschel Walker's Smokehouse & Pizzeria" and all copies, derivations, and products thereof, in the possession, custody, or control of Defendants, or in the possession, custody or control of any person or entity acting in concert or participating with Defendants, and to perform such other affirmative acts as deemed necessary by the Court to protect Plaintiffs' trade mark rights;

4.     The Court order an accounting of, and render judgment against, the Defendants for the profits, gains, and advantages derived from Defendants' wrongful actions, with such amounts to be increased and trebled as provided by law because of the willful and deliberate nature of Defendants' actions;

5.      The Court order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Plaintiffs' counsel for destruction or other disposition within thirty (30) days of the entry of final judgment herein, any and all media notices, advertisements, posters, displays, mailings or other printed or electronic materials, now or hereafter in its possession, custody or control, which bear or incorporate the "Herschel Walker's Smokehouse & Pizzeria", or any reproduction, copy or colorable imitation thereof, or any other designation which would violate the injunction entered herein, and all devices and means of making and duplicating the same;

6.      The Court order Defendants to pay Plaintiffs' actual damages, enhanced damages, and punitive damages in light of the willful, deliberate and wanton nature of Defendants' actions;

7.      The Court order Defendants to apologize to its customers and Plaintiffs' customers for deceiving the public into believing that "Herschel Walker's Smokehouse & Pizzeria" was associated with or authorized by Plaintiffs;

8.      The Court order Defendants to pay Plaintiffs statutory damages for its unlawful conduct;

9.      The Court award Plaintiffs' attorneys' fees, costs and disbursements herein in view of the fact that this is an exceptional case given Defendants' intentional, willful and wrongful activities;

22

10.     The Court award pre-judgment interest on the amount awarded and post-judgment interest until paid, to the maximum extent allowed by law;

11.     The Court award such other, different and additional relief as the Court deems just and proper; and

12.     The Court direct Defendants to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any injunction issued by the Court a sworn written statement as provided by 15 U.S.C. § 1116, setting forth in detail the manner and form in which Defendants have complied with the respective injunctions issued by the Court.

Dated:      January 31, 2007          Respectfully submitted,

Glen M. Darbyshire
Georgia Bar No. 205210
Inglesby, Falligant, Horne, Courington &
Chisholm, P.C.
17 W. McDonough Street
P.O. Box 1368
Savannah, GA 31401
912-232-7000 (o)
912-238-0286 (f)

Of counsel:

James J. Wolfson
Georgia Bar No. 773397
Jonathan K. Waldrop
Georgia Bar No. 731103
GREENBERG TRAURIG, LLP
3290 Northside Parkway

23

Suite 400
Atlanta, Georgia 30327
Phone (678) 553-2100
Facsimile (678) 553-2212
Email:   WolfsonJ@gtlaw.com
Email:   WaldropJ@gtlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| HERSCHEL WALKER RENAISSANCE MAN FOOD SERVICES, LLC, and H. WALKER ENTERPRISES, LLC, | : : : : : | CIV. ACTION NO.: _____ |
| Plaintiffs, | : : | |
| v. | : : | |
| HERSCHEL WALKER'S SMOKEHOUSE & PIZZERIA and JOHN WALKER, | : : : | |
| Defendants. | | |

## **VERIFICATION**

Herschel Walker, having first been duly sworn, hereby deposes and states that he has read the VERIFIED COMPLAINT and that the factual allegations contained therein are true and correct to the best of my personal knowledge.

This 26 day of January, 2007.

_____
Herschel Walker
Managing Member
Renaissance Man Food Services, LLC
and
H. Walker Enterprises, LLC

25

Sworn to and subscribed before me this
26 day of January, 2007.

Notary Public

My Commission Expires: 7-2-07

(Notary Seal)
atl-fs1\600163v08



KEITH A. RUSSELL
Notary Public, State of Texas
My Commission Exp. 07-02-2007

26



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jan 18 04:18:26 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |

| PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start**  List At: [          ]  OR  **Jump**  to record: [          ]  **Record 1 out of 4**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HERSCHEL'S FAMOUS 34** |
| **Goods and Services** | IC 02 5. US 022 039. G & S: Clothing, namely hats, caps, shirts and T-shirts. FIRST USE: 20020000. FIRST USE IN COMMERCE: 20020000<br><br>IC 029. US 046. G & S: Prepackaged, prepared seafood, meats, beef, pork, and poultry for human consumption; sausages; frozen meatballs; frozen entrees consisting primarily of meat, beef, pork, or poultry; frozen entrees consisting primarily of meat, beef, pork, or poultry served with pasta. FIRST USE: 20011031. FIRST USE IN COMMERCE: 20011031 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 09.03.07 - T-shirts<br>24.09.07 - Advertising, banners; Banners<br>26.13.21 - Quadrilaterals that are completely or partially shaded<br>26.13.25 - Quadrilaterals with one or more curved sides |
| **Serial Number** | 78567761 |
| **Filing Date** | February 15, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 8, 2005 |
| **Registration Number** | 3055197 |
| **Registration Date** | January 31, 2006 |
| **Owner** | (REGISTRANT) Renaissance Man International, LLC LTD LIAB CO NEVADA 12th Floor 12 East 33rd Street New |

York NEW YORK 10016

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Robert A. Rosenbloum |
| **Prior Registrations** | 2634956;2877216;2877217 |
| **Description of Mark** | The stippling is a feature of the mark depicting the holes in a mesh football jersey and is not intended to indicate color. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark identifies **HERSCHEL** WALKER , whose consent(s) to register is submitted. |
| **Live/Dead Indicator** | LIVE |

TESS HOME    NEW USER    STRUCTURED    FREE FORM    BROWSE DICT    SEARCH OG    Top    HELP    PREV LIST    CURR LIST    NEXT LIST    FIRST DOC    PREV DOC    NEXT DOC    LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Int. Cls.: 25 and 29

Prior U.S. Cls.: 22, 39 and 46

## United States Patent and Trademark Office

Reg. No. 3,055,197

Registered Jan. 31, 2006

## TRADEMARK
### PRINCIPAL REGISTER



RENAISSANCE MAN INTERNATIONAL, LLC (NEVADA LTD LIAB CO)
12TH FLOOR
12 EAST 33RD STREET
NEW YORK, NY 10016

FOR: CLOTHING, NAMELY HATS, CAPS, SHIRTS AND T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-2002; IN COMMERCE 0-0-2002.

FOR: PREPACKAGED, PREPARED SEAFOOD, MEATS, BEEF, PORK, AND POULTRY FOR HUMAN CONSUMPTION; SAUSAGES; FROZEN MEATBALLS; FROZEN ENTREES CONSISTING PRIMARILY OF MEAT, BEEF, PORK, OR POULTRY; FROZEN ENTREES CONSISTING PRIMARILY OF MEAT, BEEF, PORK, OR POULTRY SERVED WITH PASTA, IN CLASS 29 (U.S. CL. 46).

FIRST USE 10-31-2001; IN COMMERCE 10-31-2001.

OWNER OF U.S. REG. NOS. 2,634,956, 2,877,216, AND 2,877,217.

THE STIPPLING IS A FEATURE OF THE MARK DEPICTING THE HOLES IN A MESH FOOTBALL JERSEY AND IS NOT INTENDED TO INDICATE COLOR.

THE NAME(S), PORTRAIT(S), AND/OR SIGNATURE(S) SHOWN IN THE MARK IDENTIFIES HERSCHEL WALKER , WHOSE CONSENT(S) TO REGISTER IS SUBMITTED.

SER. NO. 78-567,761, FILED 2-15-2005.

MIDGE BUTLER, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jan 18 04:18:26 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]   OR   Jump   to record: [          ]   **Record 2 out of 4**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HERSCHEL'S FAMOUS 34** |
| **Goods and Services** | IC 030. US 046. G & S: Sauces. FIRST USE: 20030100. FIRST USE IN COMMERCE: 20030100 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 09.03.07 - T-shirts<br>24.09.07 - Advertising, banners; Banners<br>26.13.21 - Quadrilaterals that are completely or partially shaded<br>26.13.25 - Quadrilaterals with one or more curved sides<br>26.15.28 - Miscellaneous designs with overall polygon shape; Polygonal shapes (miscellaneous overall shape) |
| **Serial Number** | 78222416 |
| **Filing Date** | March 6, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 1, 2004 |
| **Registration Number** | 2877217 |
| **Registration Date** | August 24, 2004 |
| **Owner** | (REGISTRANT) Renaissance Man International, L.L.C LTD LIAB JT ST CO NEVADA 22 East Montgomery Crossroads Savannah GEORGIA 31406 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Robert A. Rosenbloum, Esq. |
| **Prior Registrations** | 2634956 |
| **Description of Mark** | The stippling is a feature of the mark depicting the holes in a mesh football jersey, and not intended to indicate color. |
| **Type of Mark** | TRADEMARK |

**Register**                PRINCIPAL
**Other Data**              The name "**HERSCHEL**" and the number "**34**" identifies a living individual whose consent is of record.
**Live/Dead Indicator**     LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,877,217

Registered Aug. 24, 2004

## TRADEMARK
### PRINCIPAL REGISTER



RENAISSANCE MAN INTERNATIONAL, L.L.C (NEVADA LIMITED LIABILITY JOINT STOCK COMPANY)
22 EAST MONTGOMERY CROSSROADS
SAVANNAH, GA 31406

FOR: SAUCES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-0-2003; IN COMMERCE 1-0-2003.

OWNER OF U.S. REG. NO. 2,634,956.

THE STIPPLING IS A FEATURE OF THE MARK DEPICTING THE HOLES IN A MESH FOOTBALL JERSEY, AND NOT INTENDED TO INDICATE COLOR.

THE NAME "HERSCHEL" AND THE NUMBER "34" IDENTIFIES A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 78-222,416, FILED 3-6-2003.

LINDA E. BLOHM, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jan 18 04:18:26 EST 2007*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC

PREV DOC | NEXT DOC | LAST DOC

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [          ] OR Jump | to record: [          ]   **Record 3 out of 4**

TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HERSCHEL'S FAMOUS 34** |
| **Goods and Services** | IC 029. US 046. G & S: Frozen prepared meats, namely, chicken and fish; frozen appetizers consisting primarily of vegetables, meat, seafood, and/or cheese; frozen appetizers, namely, breaded and coated vegetables, meat, seafood, and/or cheese combinations. FIRST USE: 20011031. FIRST USE IN COMMERCE: 20011031 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.09.07 - Advertising, banners; Banners<br>26.11.07 - Rectangles with a decorative border, including scalloped, ruffled and zig-zag edges<br>26.11.12 - Rectangles with bars, bands and lines<br>26.11.20 - Rectangles inside one another<br>26.11.21 - Rectangles that are completely or partially shaded<br>26.13.07 - Quadrilaterals with a decorative border, including scalloped, ruffled and zig-zag edges<br>26.13.13 - More than one quadrilateral; Quadrilateral (more than one)<br>26.13.16 - Quadrilaterals touching or intersecting<br>26.13.21 - Quadrilaterals that are completely or partially shaded<br>26.13.25 - Quadrilaterals with one or more curved sides |
| **Serial Number** | 78222392 |
| **Filing Date** | March 6, 2003 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 1, 2004 |
| **Registration Number** | 2877216 |
| **Registration Date** | August 24, 2004 |

| | |
|---|---|
| **Owner** | (REGISTRANT) Renaissance Man International, L.L.C LTD LIAB JT ST CO NEVADA 22 East Montgomery Crossroads Savannah GEORGIA 31406 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Robert A. Rosenbloum, Esq. |
| **Prior Registrations** | 2634956 |
| **Description of Mark** | The stippling is a feature of the mark depicting the holes in a mesh football jersey, and not intended to indicate color. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name **HERSCHEL** and the number **34** identifies a living individual whose consent is of record. |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Int. Cl.: 29

Prior U.S. Cl.: 46

**Reg. No. 2,877,216**

## United States Patent and Trademark Office

Registered Aug. 24, 2004

### TRADEMARK
### PRINCIPAL REGISTER



RENAISSANCE MAN INTERNATIONAL, L.L.C (NEVADA LIMITED LIABILITY JOINT STOCK COMPANY)
22 EAST MONTGOMERY CROSSROADS
SAVANNAH, GA 31406

    FOR: FROZEN PREPARED MEATS, NAMELY, CHICKEN AND FISH; FROZEN APPETIZERS CONSISTING PRIMARILY OF VEGETABLES, MEAT, SEAFOOD, AND/OR CHEESE; FROZEN APPETIZERS, NAMELY, BREADED AND COATED VEGETABLES, MEAT, SEAFOOD, AND/OR CHEESE COMBINATIONS, IN CLASS 29 (U.S. CL. 46).

    FIRST USE 10-31-2001; IN COMMERCE 10-31-2001.

OWNER OF U.S. REG. NO. 2,634,956.

    THE STIPPLING IS A FEATURE OF THE MARK DEPICTING THE HOLES IN A MESH FOOTBALL JERSEY, AND NOT INTENDED TO INDICATE COLOR.

    THE NAME HERSCHEL AND THE NUMBER 34 IDENTIFIES A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

    SER. NO. 78-222,392, FILED 3-6-2003.

LINDA E. BLOHM, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Jan 18 04:18:26 EST 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 4 out of 4**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HERSCHEL'S FAMOUS 34** |
| **Goods and Services** | IC 029. US 046. G & S: Processed meat, namely, chicken. FIRST USE: 20011031. FIRST USE IN COMMERCE: 20011031 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.09.07 - Advertising, banners; Banners |
| **Serial Number** | 76343169 |
| **Filing Date** | December 3, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 23, 2002 |
| **Registration Number** | 2634956 |
| **Registration Date** | October 15, 2002 |
| **Owner** | (REGISTRANT) Renaissance Man International, L.L.C LTD LIAB CO NEVADA 12 East 33rd Street, 12th Floor New York NEW YORK 10016 |
| **Attorney of Record** | Richard L. Schnake, |
| **Description of Mark** | The stippling is a feature of the mark, depicting the holes in a mesh football jersey, and is not intended to indicate color. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name "**HERSCHEL**" and the number "**34**" identifies a living individual whose consent is of record. |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,634,956
Registered Oct. 15, 2002

## TRADEMARK
### PRINCIPAL REGISTER



RENAISSANCE MAN INTERNATIONAL, L.L.C (NEVADA LIMITED LIABILITY COMPANY)
12 EAST 33RD STREET, 12TH FLOOR
NEW YORK, NY 10016

FOR: PROCESSED MEAT, NAMELY, CHICKEN, IN CLASS 29 (U.S. CL. 46).

FIRST USE 10-31-2001; IN COMMERCE 10-31-2001.

THE STIPPLING IS A FEATURE OF THE MARK, DEPICTING THE HOLES IN A MESH FOOTBALL JERSEY, AND IS NOT INTENDED TO INDICATE COLOR.

THE NAME "HERSCHEL" AND THE NUMBER "34" IDENTIFIES A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 76-343,169, FILED 12-3-2001.

LISA LEIZEAR, EXAMINING ATTORNEY

# Greenberg
# Traurig

Kristen L. Fancher
Admitted to Practice in GA and NY
Tel. 678.553.2457
Fax 678.553.2212
FancherK@gtlaw.com

December 15, 2006

**VIA FEDEX**

Manager
Herschel Walker's Smokehouse & Pizzeria
7 E Gateway Boulevard
Savannah, GA 31419

> **Re:**   **Herschel Walker: Infringement of Intellectual Property Rights**
> **(Our Ref.: 054052.010500)**

Dear Sir/Madam:

     This law firm represents the acclaimed athlete Herschel Walker.  It has come to our attention that you are operating a restaurant in Savannah, Georgia under the name "Herschel Walker's Smokehouse and Pizzeria."  For the reasons set forth below, we demand that you immediately and permanently cease all use of the name Herschel Walker in the name of your restaurant and comply with the other terms set forth in this letter.

     Virtually all states, including Georgia, prohibit the unauthorized commercial use of the name, image or likeness of an individual.  The right of an individual to prohibit such unauthorized use is commonly referred to as the "right of publicity."  The sale or advertisement of merchandise or services bearing a celebrity's name, image and/or likeness without first obtaining permission directly violates a celebrity's publicity right.  Your use of Herschel Walker's name in the name of your restaurant constitutes a flagrant violation of his right of publicity.  The remedies for violation of an individual's right of publicity may include injunctive relief, actual damages, punitive damages, and all profits associated with the infringing activity.

     In addition, your conduct constitutes unfair competition and false endorsement, which are expressly prohibited by federal law under Section 43(a) of the Lanham Act.  By using Herschel Walker's name in the name of your restaurant, you have created the impression that Mr. Walker sponsors, is associated with, or endorses your restaurant.  Thus, you have plainly engaged in federal unfair competition and false endorsement under Section 43(a).  The Lanham Act provides broad remedies for violations of Section 43(a), including injunctive and monetary relief.  Similar remedies are also provided under the Deceptive Trade Practices Acts and "Little FTC" statutes of many states.

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS*

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TAMPA

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliance
Tokyo-Office/Strategic Allia

Greenberg Traurig, LLP | Attorneys at Law | The Forum | 3290 Northside Parkway | Suite 400 | Atlanta, GA 30327
Tel 678.553.2100 | Fax 678.553.2212

www.gtlaw.com

December 15, 2006
Page 2

---

You should also be aware that Herschel Walker's company, H. Walker Enterprises, LLC, is the owner of numerous federal trademark registrations for the mark HERSCHEL'S FAMOUS 34, which cover various types of food products, including wings, ribs and chicken products. Your use of the name Herschel Walker in connection with your restaurant serving foods which are highly similar to Mr. Walker's food products constitutes trademark infringement under federal, state and common law, because it is likely to confuse consumers into believing that your restaurant services are somehow associated or affiliated with Mr. Walker or his food products.

Accordingly, on behalf of Mr. Walker and his company, we must demand that you immediately and permanently cease and desist from any and all unauthorized use of his name, image or likeness in connection with your restaurant. This includes, but is not limited to, the immediate and permanent removal of his name from any and all restaurant signage, menus, advertising, and any other materials in which it may appear. In addition, we demand that you account to us for all profits earned during your use of the name Herschel Walker in and in connection with the name of your restaurant. As you have undoubtedly profited substantially from your unauthorized use of our client's name and mark, our client reserves the right to seek all appropriate monetary damages.

We assume that you have no desire to infringe upon our client's rights, and we are writing as a courtesy in the hope that this matter can be resolved amicably. **Accordingly, please reply to this letter within ten (10) days from the date hereof, to confirm your agreement to comply with the above-stated terms.** If your reply indicates that you are willing to cooperate and abide with the terms contained in this letter in a reasonable manner that, in our judgment, preserves Mr. Walker's rights, Mr. Walker is prepared to resolve this matter without resort to litigation. If, on the other hand, you are not interested in settlement, our client intends to file suit for any and all available remedies.

This letter is without prejudice to any of our client's rights or remedies at law or in equity, all of which are expressly reserved.

Sincerely yours,

GREENBERG TRAURIG, LLP

Kristen L. Fancher

cc:   Ron Eisenman, Esq.