UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HERSCHEL WALKER,
RENAISSANCE MAN FOOD
SERVICES, LLC and H. WALKER
ENTERPRISES, LLC,

    Plaintiffs,

v.

HERSCHEL WALKER'S
SMOKEHOUSE & PIZZERIA and
JOHN WALKER,

    Defendants.

CIVIL ACTION

FILE NO.: CV-407-017



## FINAL JUDGMENT

Plaintiffs HERSCHEL WALKER, RENAISSANCE MAN FOOD SERVICES, LLC, and H. WALKER ENTERPRISES, LLC (hereinafter referred to as "Plaintiffs"), having filed their Complaint in this action on January 31, 2007 charging defendants HERSCHEL WALKER'S SMOKEHOUSE & PIZZERIA and JOHN WALKER (hereinafter referred to as "Defendants") with trademark infringement, use of false designations of origin, false descriptions and false representations, common law trademark infringement, false advertising, trademark dilution, invasion of privacy of appropriation, violation of the Georgia

Unfair Competition Statute, common law unfair competition, unjust enrichment, and misappropriation and conversion, requesting equitable relief and damages; and

The parties desiring and having agreed to resolve and settle the controversy between them on a permanent and final basis, on the terms set forth below, without trial or further proceedings herein, and having agreed and consented to the making and entry of this Final Judgment;

NOW, THEREFORE, by stipulation and agreement of Plaintiffs and Defendants, and with the express consent of counsel for Plaintiffs and counsel for Defendants, as indicated below, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

## **JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1161, 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 2201, 2202 and pursuant to 28 U.S.C. §§ 1331, 1337, and 1338 because this case arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1338 and the doctrine of pendent

jurisdiction. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

2.

The provisions of this Final Judgment shall be applicable to and binding on Plaintiffs, Defendants, their subsidiaries and affiliates, their respective officers, agents, servants, employees, attorneys, and associates, their respective successors and assigns, and all persons in privity or in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

3.

For purposes of this Final Judgment, this Court finds that: H. Walker Enterprises, LLC is the owner of all right, title and interest in and to the Herschel Walker Marks (as defined in Plaintiff's Verified Complaint) and H. Walker Enterprises, LLC has valid, exclusive and enforceable rights in and to the Herschel Walker Marks.

## PERMANENT INJUNCTION

4.

Defendants, their subsidiaries and affiliates, officers, agents, servants, employees, attorneys, and associates, their respective

successors and assigns, and all persons in privity or in active concert or participation with them, and each of them, are hereby IMMEDIATELY, PERMANENTLY and PERPETUALLY RESTRAINED and ENJOINED from, directly or indirectly:

(a) from using the Herschel Walker Marks, or any other name or mark that consists in whole or in part of the name "Herschel Walker" or any reproduction, counterfeit, copy or colorable imitation thereof, or any mark or name confusingly similar in any manner in connection with the advertising, offering for sale, or sale of any product or service not Plaintiffs', or not authorized by Plaintiffs to be sold in connection with the Herschel Walker Marks;

(b) from using the name "Herschel Walker" in any manner in connection with the advertising, offering for sale, or sale of any product or service;

(c) from passing off, inducing, or enabling others to sell or pass off any product or service as and for products or services produced by Plaintiffs which are not Plaintiffs' or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Herschel Walker Marks;

(d) from committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(e) from further diluting and infringing all of the Herschel Walker Marks and damaging Plaintiffs' goodwill;

(f) from invading the right to privacy of Herschel Walker by misappropriating his name; and

(f) from otherwise competing unfairly with Plaintiffs in any manner.

5.

Notwithstanding the provisions of the foregoing paragraphs, however, nothing contained herein shall in any way restrict or impair Defendant's right to advertise, promote, offer for sale or sell products under a mark or name that does not infringe upon the Herschel Walker Marks or utilize the "Herschel Walker" name.

6.

In consideration of the covenants and conditions contained herein, Plaintiffs, their successors, agents, and assigns, do, except as otherwise expressly provided herein, hereby release and forever discharge

Defendants, their successors, shareholders, directors, officers, attorneys, assigns, for all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, accountings, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, indemnities, and demands whatsoever, in law, in admiralty, or in equity, from the beginning of the world to the date of the entry of this Final Judgment arising solely out of Defendants' use of the Herschel Walker Marks and the name Herschel Walker in connection with restaurants and food products as described in the Complaint in this action. This release specifically excludes actions by Plaintiffs against Defendants resulting from the breach of this Final Judgment by Defendants, which Defendants acknowledge would result in irreparable harm to Plaintiffs, and claims against Plaintiffs alleged or made by third parties relating to Defendants' operation of Herschel Walker's Smokehouse & Pizzeria.

7.

In consideration of the covenants and conditions contained herein, Defendants, their successors, agents, and assigns, except as otherwise expressly provided herein, hereby release and forever discharge Plaintiffs, their successors, shareholders, directors, officers, attorneys, and

assigns, for and for all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, accountings, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, indemnities, and demands whatsoever, in law, in admiralty, or in equity, from the beginning of the world to the date of the entry of this Final Judgment, arising out of Defendants' use of the Herschel Walker Marks and the name Herschel Walker in connection with restaurants and food products and Plaintiffs' filing of the Complaint in this action.

8.

Defendants agree to indemnify and hold Plaintiffs harmless from and against any and all claims brought by any third parties, based on or arising out of Defendants' use of the Herschel Walker Marks, including all damages, costs and attorneys' fees incurred in connection therewith.

9.

Jurisdiction of this Court is retained for the purpose of making or entering any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement hereof, or the punishment of any violations thereof by Defendant.

10.

This Final Judgment shall be deemed to have been served upon Defendant at the time of its approval and entry by the Court.

11.

In accordance with the provisions of 15 U.S.C. § 1116, the clerk of this Court shall notify the Commissioner of Patent and Trademarks of the entry of this Final Judgment, who shall enter it upon the records of the United States Patent and Trademark Office.

**SO ORDERED**

Dated: 3-8-77

By: _____
JUDGE
UNITED STATES DISTRICT COURT

**CONSENTED TO BY PLAINTIFFS**

Dated: ~~February~~ __, 2007
March 1,

By: _____
Glen M. Darbyshire
Georgia Bar No. 205210
**INGLESBY, FALLIGANT, HORNE, COURINGTON & CHISHOLM, P.C.**
17 W. McDonough Street
P.O. Box 1368
Savannah, Georgia 31401

Of Counsel:

**GREENBERG TRAURIG, LLP**
James J. Wolfson
Georgia Bar No. 773397
Jonathan K. Waldrop
Georgia Bar No. 731103
The Forum, Suite 400

3290 Northside Parkway
Atlanta, Georgia 30327
Phone: (678) 553-2100
Facsimile: (678) 553-2212

Attorneys for
**HERSCHEL WALKER, RENAISSANCE MAN FOOD SERVICES, LLC and H. WALKER ENTERPRISES, LLC**

**CONSENTED TO HERSCHEL WALKER'S SMOKEHOUSE & PIZZERIA**

Dated: March 1, 2007

By: _/s/_
David Walker
Herschel Walker

**CONSENTED TO BY JOHN WALKER**

Dated: March 1, 2007

By: _/s/_